Raul Perez (SBN 174687)
Raul.Perez@capstonelawyers.com
Bevin Allen Pike (SBN 221936)
Bevin.Pike@capstonelawyers.com
Orlando Villalba (SBN 232165)
Orlando.Villalba@capstonelawyers.com
Trisha K. Monesi (SBN 303512)
Trisha.Monesi@capstonelawyers.com
Capstone Law APC
1875 Century Park East, Suite 1000
Los Angeles, California 90067
Telephone: (310) 556-4811
Facsimile: (310) 943-0396

Attorneys for Plaintiffs Jason Brunton and Brian Cooley

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHU WU, JASON BRUNTON, and BRIAN COOLEY, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FERROVIAL SERVICES INFRASTRUCTURE INC., f/k/a BROADSPECTRUM INFRASTRUCTURE INC., f/k/a TRANSFIELD SERVICES INFRASTRUCTURE, INC., a Virginia corporation; BROADSPECTRUM AMERICAS, INC., f/k/a TRANSFIELD SERVICES AMERICAS, INC., a Delaware corporation; TIMEC SPECIALTY SERVICES, INC., f/k/a BROADSPECTRUM SPECIALTY SERVICES, INC., a Delaware corporation; TIMEC SERVICES, INC. f/k/a TIME COMPANY, INC., f/k/a BROADSPECTRUM DOWNSTREAM SERVICES, INC., a Delaware corporation, and DOES 1 through 10, inclusive<br><br>Defendant. | Case No.: 3:20-cv-09447-WHO<br><br>Assigned to the Hon. William H. Orrick<br><br>**[PROPOSED] ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date: August 24, 2022<br>Time: 2:00 p.m.<br>Place: Courtroom 2 |

**ORDER**

This matter came before the Court for a hearing on the Motion for Final Approval of the Class Action Settlement (the "Motion"). Due and adequate notice having been given to Class Members as required by the Court's Preliminary Approval Order, and the Court having reviewed the Motion, and determining that the settlement is fair, adequate and reasonable, and otherwise being fully informed and **GOOD CAUSE** appearing therefore, it is hereby **ORDERED AS FOLLOWS**:

1. For the reasons set forth in the Preliminary Approval Order, which are adopted and incorporated herein by reference, this Court finds that the requirements of Rule 23 of the Federal Rules of Civil Procedure have been satisfied.

2. This Order hereby adopts and incorporates by reference the terms and conditions of the Class Action Settlement Agreement ("Settlement Agreement" or "Settlement"), together with the definitions and terms used and contained therein.

3. The Court finds that it has jurisdiction over the subject matter of the action and over all parties to the action, including all members of the Settlement Class.

4. The Class Notice fully and accurately informed Class Members of all material elements of the proposed settlement and of their opportunity to opt out or object; was the best notice practicable under the circumstances; was valid, due, and sufficient notice to all Class Members; and complied fully with the laws of the United States of America and due process. The Class Notice fairly and adequately described the settlement and provided Class Members with adequate instructions and a variety of means to obtain additional information.

5. Class Members were given a full opportunity to participate in the Final Approval hearing, and all Class Members and other persons wishing to be heard have been heard. Accordingly, the Court determines that all Class Members who did not timely and properly opt out of the settlement ("Participating Class Members") are bound by this Order.

6. The Court has considered all relevant factors for determining the fairness of the settlement and has concluded that all such factors weigh in favor of granting final approval. In particular, the Court finds that the settlement was reached following meaningful discovery and investigation conducted by Plaintiffs' Counsel; that the settlement is the result of serious, informed, adversarial, and

arm's-length negotiations between the Parties; and that the terms of the settlement are in all respects fair, adequate, and reasonable.

7. In so finding, the Court has considered all evidence presented, including evidence regarding the strength of Plaintiffs' case; the risk, expense, and complexity of the claims presented; the likely duration of further litigation; the amount offered in settlement; the extent of investigation and discovery completed; and the experience and views of counsel. The Parties have provided the Court with sufficient information about the nature and magnitude of the claims being settled, as well as the impediments to recovery, to make an independent assessment of the reasonableness of the terms to which the Parties have agreed.

8. Accordingly, the Court hereby approves the settlement as set forth in the Settlement Agreement and expressly finds that the settlement is, in all respects, fair, reasonable, adequate, and in the best interests of the entire Settlement Class and hereby directs implementation of all remaining terms, conditions, and provisions of the Settlement Agreement. The Court also finds that settlement now will avoid additional and potentially substantial litigation costs, as well as delay and risks if the Parties were to continue to litigate the case. Additionally, after considering the monetary recovery provided by the settlement in light of the challenges posed by continued litigation, the Court concludes that the settlement provides Class Members with fair and adequate relief.

9. The Settlement Agreement is not an admission by Defendants or by any other released party, nor is this Order a finding of the validity of any allegations or of any wrongdoing by Defendants or any other released party. Neither this Order, the Settlement Agreement, nor any document referred to herein, nor any action taken to carry out the Settlement Agreement, may be construed as, or may be used as, an admission of any fault, wrongdoing, omission, concession, or liability whatsoever by or against Defendants or any of the other released parties.

10. Final approval shall be with respect to: All current and former hourly, non-exempt employees who are alleged to have worked for Defendants in California at the Presidio Project during the period from June 29, 2014 through December 15, 2020.

11. Plaintiffs Jason Brunton and Brian Cooley are suitable Class Representatives and are hereby appointed the Class Representatives for the Settlement Class. The Court finds that Plaintiffs'

investment and commitment to the litigation and its outcome ensured adequate and zealous advocacy for the Settlement Class, and that their interests are aligned with those of the Settlement Class.

12. The Court finds that the attorneys at Capstone Law APC have the requisite qualifications, experience, and skill to protect and advance the interests of the Settlement Class. The Court therefore finds that counsel satisfy the professional and ethical obligations attendant to the position of Class Counsel, and hereby appoints Capstone Law APC as counsel for the Settlement Class.

13. The settlement of civil penalties under PAGA in the amount of $5,000 is hereby approved. Seventy-Five Percent (75%), or $3,750, shall be paid to the California Labor and Workforce Development Agency. The remaining Twenty-Five Percent (25%), or $1,250, will be added to the Net Settlement Amount.

14. The Court approves settlement administration costs and expenses in the amount of $4,500 to Simpluris, Inc.

15. All Class Members were given a full and fair opportunity to participate in the Approval Hearing, and all members of the Settlement Class wishing to be heard have been heard. Members of the Settlement Class also have had a full and fair opportunity to exclude themselves from the proposed settlement and the class. Accordingly, the terms of the Settlement Agreement and of the Court's Order shall be forever binding on all Participating Class Members. These Participating Class Members have released and forever discharged the Defendants for any and all Released Claims:

> Any and all known and unknown claims, losses, damages, liquidated damages, statutory penalties, interest, liabilities, causes of action, civil complaints, arbitration demands or suits which arise or could have arisen from the facts asserted in the Action and arising out of work at the Presidio Project California during the Class Period, including the First Amended Complaint, including violations for meal periods, rest breaks, failure to pay premium penalties for violations of meal or rest breaks, failure to pay minimum wages, failure to pay regular wages, failure to failure to pay overtime wages, failure to pay workplace reimbursements, failure to timely pay wages, failure to provide accurate wage statements, waiting time penalties, penalties under the Private Attorneys General Act sections 2698, et seq., arising under the California Labor Code and related orders of the California Industrial Welfare Commission, and made pursuant to the California Labor Code, and specifically including but not limited to California Labor Code sections: 201, 202, 203, 204, 210, 222.5, 226, 226.3, 226.7, 510, 516, 512, 558, 1174(d), 1182.12, 1194, 1194.2, 1197, 1197.1, 1198, 2698 et seq., 2802, 2810.5; Business and Professions Code section 17200, et seq.; or other remuneration whether sought under statute, tort, contract or as an unfair business practice for the Class Period. All Class Members who cash their settlement checks will also release all claims under the Fair Labor Standards Act

based on the foregoing Released Claims.

16. This Court shall retain jurisdiction with respect to all matters related to the administration and consummation of the settlement, and any and all claims, asserted in, arising out of, or related to the subject matter of the lawsuit, including but not limited to all matters related to the settlement and the determination of all controversies relating thereto.

**IT IS SO ORDERED.**

Dated: _____

Hon. William H. Orrick
United States District Judge